IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ELISABETH WHITE,<br><br>      Appellant,<br><br>    v.<br><br>ANDREW CASSIDY,<br><br>      Respondent. | No. 88978-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BUI, J. — Elisabeth White appeals from the trial court's entry of an amended final parenting plan and child support order. White asserts the trial court's findings are not supported by the evidence, its conclusions are contrary to law, and it committed various procedural errors. Because White has not provided a sufficient record for us to review her claims of error, we affirm.

FACTS

White and Andrew Cassidy have one minor child together, S.W., who was born in 2009. The original parenting plan and order of child support were entered on December 15, 2010. White was designated as the primary residential parent and sole decision-maker until overnight visits began, at which point the parenting plan provided for joint decision-making.

A modified parenting plan was entered on December 29, 2016. The modified plan designated Cassidy as the primary residential parent and sole decision-maker. The trial court found White "uses conflict in a way that

endangers or damages the psychological development of [the] child" and had withheld the child from Cassidy without good reason. Accordingly, the trial court entered restrictions against White pursuant to RCW 26.09.191, limiting her residential time with S.W.

On December 18, 2023, White filed a petition for modification of the parenting plan, motion for adequate cause decision, and motion for temporary orders. The parties agreed there was adequate cause to amend the parenting plan, as S.W. had recently spent eight months in an in-patient rehabilitation facility. Accordingly, the trial court granted the order finding adequate cause and set the matter for trial.

Prior to trial, White filed a motion for the court to confer with S.W. in chambers, pursuant to RCW 26.09.210. White requested that "the Court meet in person with the minor child, [S.W.] before trial," and "[t]hat this meeting be held in a private setting at the Court's discretion." Cassidy did not object to the motion.

Trial was conducted over five days from August 26 to September 3, 2025. Both parents testified at the trial, as did eight other witnesses. By agreement of the parties, the trial court interviewed S.W. in chambers with the court reporter present, both during and after the trial. The transcripts of S.W.'s interviews were sealed and not made available to either party.

On September 23, 2025, the court issued its oral decision and entered a parenting plan, child support order, and child support worksheet. The trial court found White "continues to engage in abusive use of conflict, which is harming [S.W.]'s mental health. Her perception of Mr. Cassidy's parenting skills, his

financial situation, her perceptions about his wife as [S.W.]'s abuser are simply not based in reality." Given White's use of conflict, the court found it was not in S.W.'s best interests for her to reside primarily with White. The trial court retained the RCW 26.09.191 restriction from the 2016 parenting plan and directed White have time with S.W. solely at S.W.'s discretion. The court also retained Cassidy as the sole decision-maker.

In calculating child support, the trial court found White was voluntarily underemployed. Based on testimony about White's last hourly rate of pay, the trial court imputed her income at $20 per hour. The court calculated White's monthly child support obligation at $586.51 per month but noted on its order that White "may move to reconsider with legal basis for deviation." The trial court also determined White owed $14,835.00 for past due medical costs and Cassidy owed $13,135.29 in retroactive child support, for a net obligation of $1,699.71 owed by White.

White filed a motion for reconsideration of the parenting plan, child support order, and child support worksheet. The trial court denied the motion, finding White did not present any basis for reconsideration.

White appeals.

ANALYSIS

Standard of Review

We review a trial court's decision to modify a parenting plan for abuse of discretion. In re Marriage of Littlefield, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. Littlefield, 133 Wn.2d at 46-

3

47. This court will not reassess witness credibility or reweigh the evidence. In re Welfare of Ca.R., 191 Wn. App. 601, 609, 365 P.3d 186 (2015).

Substantial Evidence

White challenges a number of the trial court's findings of fact, asserting they are not supported by any credible evidence presented at trial.[1] Substantial evidence review requires this court to examine the trial court's findings of fact to determine whether the evidence presented is " 'sufficient to persuade a rational fair-minded person that the premise is true.' " DeVogel v. Padilla, 22 Wn. App. 2d 39, 48, 509 P.3d 832 (2022) (quoting Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003)). The evidence is viewed in the light most favorable to the party that prevailed in the trial court. DeVogel, 22 Wn. App. 2d at 48 (citing Thomas v. Ruddell Lease-Sales, Inc., 43 Wn. App. 208, 212, 716 P.2d 911 (1986)). "So long as substantial evidence supports the finding, it does not matter that other evidence may contradict it." Burrill v. Burrill, 113 Wn. App. 863, 868, 56 P.3d 993 (2002).

In the absence of a full and complete trial record, it is not possible to review the challenged evidence in the context of the rest of the evidence presented. A party seeking review bears the burden of perfecting the record on appeal, and an insufficient appellate record precludes review of the alleged errors. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996

---

[1] In her assignments of error, White fails to identify any of the trial court's findings by number or by page in the clerk's papers. RAP 10.3(g) requires that an appellant make a separate assignment of error for each finding of fact that he or she contends was improperly made with references to the finding by number. Failure to do so results in the factual findings being treated as true, particularly when the appellant has not provided a complete record. Kuhnhausen v. England, 79 Wn.2d 282, 285, 484 P.2d 1135 (1971).

(1994); see also RAP 9.2(b) ("If the party seeking review intends to urge that a verdict or finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed verdict or finding."). Absent an affirmative showing of error, we presume a trial court's decision to be correct. State v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999).

White did not provide a verbatim report of proceedings for the trial. Because the record is insufficient to review the trial court's findings for substantial evidence, we affirm the judgment of the trial court.

Evidentiary Rulings

White contends the trial court erred by excluding proposed exhibits she offered during the trial. As previously noted, White did not provide a verbatim report of proceedings for the trial. Without the report of proceedings, there is nothing in the record articulating the trial court's basis for excluding White's proposed exhibits. As such, we are unable to review this claim of error.

Interview of the Minor Child

White asserts the trial court erred by interviewing S.W. in chambers without the parties present. However, White herself was the party who requested the trial court interview S.W. privately in chambers.

"Under the 'invited error' doctrine, a party may not set up an error at trial and then complain of it on appeal." Grange Ins. Ass'n v. Roberts, 179 Wn. App. 739, 774, 320 P.3d 77 (2013) (citing In re Pers. Restraint of Thompson, 141 Wn.2d 712, 723, 10 P.3d 380 (2000)). The doctrine applies when, as here, a party "takes affirmative and voluntary action that induces the trial court to take an

action that party later challenges on appeal." <u>Grange Ins. Ass'n</u>, 179 Wn. App at 774 (citing <u>Thompson</u>, 141 Wn.2d at 723-24). As White requested the trial court interview S.W. in chambers, she is precluded from challenging that action now. [2]

<u>Custody</u>

White asserts the trial court erred by awarding primary custody to Cassidy when it was not requested in the motion for modification and response. This argument ignores the procedural posture of this case.

This matter came before the trial court on White's motion for modification of the parenting plan. Under RCW 26.09.260(1), "the court <u>shall not</u> modify a prior custody decree or a parenting plan unless it finds . . . that the modification is in the best interest of the child and is necessary to serve the best interests of the child."[3] The trial court must engage in this analysis, even when the parties agree on the proposed modifications. <u>In re Marriage of Coy</u>, 160 Wn. App. 797, 804, 248 P.3d 1101 (2011) ("Any modification, no matter how slight, requires an independent inquiry by the trial court.") (citing <u>In re Parentage of Schroeder</u>, 106 Wn. App. 343, 350, 22 P.3d 1280 (2001); <u>In re Parentage of Smith–Bartlett</u>, 95 Wn. App. 633, 640, 976 P.2d 173 (1999)).

The parenting plan entered by the trial court in 2016 designated Cassidy as the primary residential parent. Cassidy's initial agreement to modify that

---

[2] White asserts that while she agreed to have the trial court interview S.W. prior to trial, she did not agree to the trial court conducting a second interview after the close of evidence. White's motion for the trial court to conduct an interview does not contain this limitation. Rather, White requested the interview be conducted "at the Court's discretion." Additionally, White's failure to provide a verbatim report of proceedings precludes her ability to assert any error that occurred during the course of the trial.

[3] Emphasis added.

provision to make White the primary residential parent was not binding on the court. Rather, the trial court was required to retain Cassidy as the primary residential parent <u>unless</u> it found it was in S.W.'s best interest to primarily reside with White. The trial court did not make that finding, instead finding it was in S.W.'s best interest to reside primarily with Cassidy. White does not provide an adequate record for us to review that finding. Accordingly, she fails to demonstrate the trial court erred.

<u>Net Income Cap</u>

White contends the trial court erred by failing to apply the 45 percent net income cap to her child support obligation required by RCW 26.19.065(a). Although styled as a legal question, White's argument is premised on her assertion that the trial court erred by imputing her income at $20 per hour. Because White has not provided a sufficient record for us to determine whether the trial court erred by imputing her income, we are similarly unable to review her claim that the trial court erred by not applying an income cap to her child support obligation.

<u>Delegation of Authority to Minor Child</u>

White asserts the trial court erred by delegating its judicial authority to determine residential time to S.W. White did not make this argument in the trial court. "Arguments not raised in the trial court generally will not be considered on appeal." <u>State v. Riley</u>, 121 Wn.2d 22, 31, 846 P.2d 1365 (1993). RAP 2.5(a) states, in relevant part:

> The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise

the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right.

White's claim of error is not an issue that may be raised for the first time on appeal. We decline to consider this argument further.

Disability Accommodations

White contends the trial court erred by failing to provide disability accommodations to her during trial for dyslexia and a speech impediment. GR 33(b) states, "Requests for aids, modifications, and services will be addressed promptly and in accordance with the ADA [Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101-12213)] and the Washington State Law Against Discrimination [ch. 49.60 RCW], with the objective of ensuring equal access to courts, court programs, and court proceedings." White does not provide any citation to the record showing she made a request for disability accommodations under GR 33. Neither GR 33 nor the ADA require the trial court to offer accommodations sua sponte. White fails to demonstrate any error by the trial court.

Denial of Reconsideration

White contends the trial court erred by denying her motion for reconsideration because "[b]y bypassing the mandatory briefing schedule and CR 59 window, the court denied Appellant a meaningful opportunity to be heard." RAP 10.3(a)(6) requires parties to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." We need not consider arguments not supported by

8

pertinent authority or meaningful analysis. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). White cites no authority in support of her argument. We, therefore, decline to consider it.

Cumulative Error

Finally, White argues she is entitled to relief due to cumulative error by the trial court. Because White fails to demonstrate any error by the trial court, her cumulative error claim necessarily fails.

Attorney Fees on Appeal

White requests an award of attorney fees on appeal. She does not devote a section of her opening brief to this request, as is required by RAP 18.1(b). Additionally, fees are not awardable to pro se litigants. In re Marriage of Brown, 159 Wn. App. 931, 938, 247 P.3d 466 (2011). We deny White's request for fees.

Because White did not provide a verbatim report of proceedings for the trial, we are unable to review her claims of error based on the court's factual findings. Any claims not foreclosed by her failure to provide an adequate record are precluded by her failure to raise them in the trial court or failure to cite relevant authority. White does not demonstrate any error by the trial court.

Affirmed.

_____
Bui, J.

WE CONCUR:

_____          _____
Coburn, J.                       Smith, J.

9